GEORGE H. STEADMAN *et al. vs.* ALBERT STANTON.

JULY 23, 1953.

PRESENT: Flynn, C. J., Capotosto, Baker, Condon and O'Connell, JJ.

FLYNN, C. J. This action of trespass and ejectment was brought to recover possession of certain land located in the town of South Kingstown in this state. At a trial in the superior court the jury rendered a verdict for the plaintiffs and the trial justice thereafter denied defendant's motion for a new trial. The case is before us on defendant's bill of exceptions to that decision and to other rulings in the course of the trial.

The evidence is undisputed that plaintiffs George H. Steadman and his two sisters and a brother are the owners of the tract of land which is described in the writ as being "located on the easterly side of the Ministerial Road, so-called, in said Town of South Kingstown." Nor is it denied that defendant requested and was given permission by George H. Steadman, hereinafter referred to as the plaintiff, to place a house on the land described in the writ in consideration of his agreement to render certain services to plaintiff. These included the cutting of wood, haying, and taking plaintiff to the village for groceries as desired.

The testimony for plaintiffs shows that from about 1940, when defendant came on the land under the conditions of the agreement, he rendered the required services for a number of years; that defendant started to breach the agreement after he had become associated with Alfred Pierson in doing work for others; and that when he failed to fulfill the agreement, especially as to taking plaintiff to the village,

he was served with notice to vacate because of his breach of the agreement. The defendant, however, refused to remove his house and to vacate the land, and the instant writ of trespass and ejectment was brought merely to obtain possession of the land and not the housing accommodation.

On the other hand the testimony for defendant tended to show that although plaintiff had changed the day on which he customarily went to the village, he was accommodated either by defendant, or by his wife or by Pierson at defendant's request; that defendant always rendered the other services by assisting plaintiff in haying and by cutting wood; and that he never breached the terms of his agreement at any time. He claimed that plaintiff wanted him to go to Jamestown to live and work on plaintiff's farm there, and because of his refusal the instant proceedings were commenced.

The defendant's bill of exceptions contains seven exceptions. However, all of them but the fifth are either expressly waived or being neither briefed nor argued are deemed to be waived. The fifth exception relates to an alleged portion of the charge wherein the trial justice is claimed to have left "in the jury's mind the impression that there was no legal lease," whereas both parties had said "there was a definite lease." The paper referred to was admittedly unsigned and was not introduced in evidence. Both parties, however, testified as to its contents and there is no serious dispute as to the fact that it contained substantially the agreement covering defendant's permitted possession of the land. In the circumstances the controlling question was simply whether defendant had lived up to the conditions or terms of the agreement covering his possession. Obviously it was not a lease as it was not signed.

At any rate the trial justice stated the issue clearly in the following instruction: "Whether there was a lease or an agreement, or whatever it was, Mr. Steadman said that Mr. Stanton has failed to carry out the terms of the agreement. And there we are getting pretty close to the crux of the issue. If Mr. Stanton has kept his agreement, whatever the

494

agreement was, he would not be a trespasser, because the testimony was that Mr. Stanton was taken on those premises with an agreement that he, Stanton, would do certain work and render certain services for Mr. Steadman. If he has done that faithfully and willingly, Stanton would not have breached his agreement and your verdict would be for the defendant." The trial justice then proceeded to instruct the jury that if Stanton had not complied with the terms of the agreement and if plaintiffs had established that fact by a fair preponderance of the evidence, the verdict must be for the plaintiffs. We find no error in the charge and no merit in the defendant's contentions.

All of the defendant's exceptions are overruled, and the case is remitted to the superior court for entry of judgment on the verdict.

*William H. Leslie, Jr.,* for plaintiffs.
*Thomas H. Gardiner,* for defendant.